|  |  |
|---|---|
|  | **Bid Procedures Hearing:** May 24, 2011 at 9:45 a.m. |
|  | **Objections Due:** May 17, 2011 at 4:30 p.m. |

SilvermanAcampora LLP
Attorneys for M. Slavin & Sons, Ltd.   **Auction Date:** June 16, 2011 at 11:00 a.m.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753   **Sale Hearing:** June 21, 2011 at 9:45 a.m.
(516) 479-6300   **Objections Due:** June 14, 2011 at 4:30 p.m.
Kenneth P. Silverman
Gerard R. Luckman
Robert Nosek

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

M. SLAVIN & SONS, LTD.,

              Debtor.
-------------------------------------------------------------x

Chapter 11

Case No. 11-10589 (REG)

**DEBTOR'S MOTION FOR THE ENTRY OF (I) ONE OR MORE ORDERS PURSUANT TO BANKRUPTCY CODE §§ 105 AND 363 AUTHORIZING AND APPROVING SALE OF THE DEBTOR'S INTERESTS IN ITS NON-RESIDENTIAL REAL PROPERTY LOCATED IN BROOKLYN, NEW YORK, IN BULK OR BY PARCEL, TO THE HIGHEST OR BEST OFFERORS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, GRANTING RELATED RELIEF AND WAIVER OF STAY UNDER BANKRUPTCY RULE 6004; AND (II) ORDER ESTABLISHING SALE PROCEDURES**

M. Slavin & Sons, Ltd. (the "**Debtor**"), as debtor and debtor in possession, by and through its counsel, SilvermanAcampora LLP, hereby submits this motion (the "**Motion**") seeking the entry of orders in accordance with sections 105 and 363 of title 11, United States Code (the "**Bankruptcy Code**"): (i) authorizing one or more sales by the Debtor of thirteen (13) parcels of non-residential real property located in Brooklyn, New York, to one or more person or entity making the highest and best offer as may be tendered at a public auction sale, to be scheduled (the "**Auction**"), free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer, with such liens, claims and interests, if any, to attach to the net proceeds of sales in the same amount, priority and validity as they currently exist; (b) approving certain bidding procedures for the Auction; (c) fixing the date for a hearing on one or more sales; (d) approving the form, time and scope of notice of the Auction; (e) waiving the stay

provisions of Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (f) granting related relief, and respectfully represents as follows:

## CASE BACKGROUND AND JURISDICTION

1. On February 14, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its business and property as a debtor in possession under Bankruptcy Code sections 1107(a) and 1108.

2. On February 24, 2011, the United States Trustee for Region 2, appointed an Official Committee of Unsecured Creditors. The Committee has selected Klestadt & Winters, LLP as its counsel. No trustee or examiner has been appointed in this case.

3. The Debtor owns a mixture of parcels of real property on which it used to operate a retail store and its wholesale business, all located in Brooklyn, New York, and comprised of thirteen (13) parcels of non-residential real property (each, a "**Property**", and collectively, the "**Brooklyn Properties**"). The Debtor is offering the following parcels for sale:

> Assemblage 1:
>
> 31 Belmont Avenue, Block 3523, Lot 36 ("**Belmont Lot 36**"); and
>
> 37 Belmont Avenue, Block 3523, Lot 35 ("**Belmont Lot 35**" and together with Belmont Lot 36, the "**Belmont Lots**").
>
> Assemblage 2:
>
> 108 Thatford Avenue, Block 3522, Lot 27 ("**Thatford Lot 27**");
>
> 110 Thatford Avenue, Block 3522, Lot 28 ("**Thatford Lot 28**");
>
> 112 Thatford Avenue, Block 3522, Lot 29 ("**Thatford Lot 29**");
>
> 116 Thatford Avenue, Block 3522, Lot 30 ("**Thatford Lot 30**");
>
> 118 Thatford Avenue, Block 3522, Lot 31 ("**Thatford Lot 31**");
>
> 120 Thatford Avenue, Block 3522, Lot 32 ("**Thatford Lot 32**"); and
>
> 447 Rockaway Avenue, Block 3522, Lot 8 ("**Rockaway Lot 8**", and collectively with Thatford Lot 27, Thatford Lot 28, Thatford Lot 29,

RDN/910308.1/059611

Thatford Lot 30, and Thatford Lot 31, the "**Rockaway Lots**").

Assemblage 3:

97 Thatford Avenue, Block 3523, Lot 8 ("**Thatford Lot 8**");

99 Thatford Avenue, Block 3523, Lot 7 ("**Thatford Lot 7**");

120 Osborn Street, Block 3523, Lot 20 ("**Osborn Lot 20**");

124 Osborn Street, Block 3523, Lot 22 ("**Osborn Lot 22**", and collectively with the Thatford Lot 8, Thatford Lot 7, and Osborn Lot 20, the "**Thatford Lots**").

4. The Debtor will be offering the Brooklyn Properties as a portfolio that includes all of the Real Property; and separately as three sub-groups with the Belmont Lots as assemblage 1[1], the Rockaway Lots as assemblage 2, and the Thatford Lots as assemblage 3.

5. By Order entered on March 18, 2011, the Court authorized the Debtor to retain David R. Maltz & Co., Inc. ("**Maltz**") as the Debtor's real estate broker to sell the Brooklyn Properties.

6. This Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157(a) and 1334, and the Standing Order of Reference of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicate for the relief sought herein is Bankruptcy Code sections 105 and 363(b) and Bankruptcy Rules 2002 and 6004. Additionally, the Debtor submits that this Motion and the accompanying documents are in conformity with General Order M-383 Re: Guidelines for Asset Sales.

**PRELIMINARY STATEMENT**

7. The Debtor has determined that a sale of the Brooklyn Properties at this time is in the best interest of the Debtor's estate and its creditors. Its goal is to maximize the value of those assets through a public sale to the highest and best offer or offers received. Except for

---

[1] The sale of the Belmont Lots by the Debtor will include the sale of non-residential real property located at and known as 39 Belmont Avenue, Brooklyn, New York, Block 3523, Lot 34 ("Belmont Lot 34"). Belmont Lot 34 is not owned by the Debtor.

recently granted, limited adequate protection liens in favor of Capital One, N.A., the Debtor's pre-petition secured lender ("**Capital One**"), the Brooklyn Properties are unencumbered. *See* Interim Cash Collateral Order [Docket No. 62] and Record of Hearing on Final Cash Collateral Order held on April 13, 2011.

8. The Debtor believes that notwithstanding the adequate protection liens, a sale of the Brooklyn Properties will provide the Debtor with significant working capital which can be used to form the base of a plan of reorganization. The Debtor contemplates that it will receive offers for each individual Property group as well as offers for various other groupings of the Brooklyn Properties, including portfolio bids. The Bidding Process for those sales is structured to accommodate all types of offers.

## THE RELIEF SOUGHT

9. Thus, by this Motion, the Debtor seeks an order authorizing and approving one or more sales of any and all right, title and interest in and to each of the Brooklyn Properties, free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer (collectively, the "**Liens**"), with such Liens, if any, to attach solely to the proceeds of the sale in the same amount, priority and validity as they existed on the Petition Date.

**Bidding Process and Procedures**

10. Additionally, the Debtor seeks an order to establish a bidding process and auction procedures (the "**Bidding Procedures**"). A copy of the proposed Bidding Procedures for the sale of the Brooklyn Properties is annexed hereto as **Exhibit A**. As part of this Motion, the Debtor asks the Court to approve the Bidding Procedures for the Brooklyn Properties, and make them applicable to all persons and entities that would like to submit a bid for those assets at the Auction.

11. At the conclusion of any Auction, the highest and best bid(s), as determined by the Debtor consistent with the Bidding Procedures, shall be designated as the "Successful Bid" and the second highest and best bid as the "Backup Bid" for each Property or group of

4

Properties. The bidder making the Successful Bid is referred to as the "Successful Bidder" and the bidder making any Backup Bid is referred to as the "Secondary Bidder." The results of the Auction will be confirmed at the Sale Hearing.

12. All parties-in-interest are urged to read the proposed respective Bidding Procedures in their entirety for a complete description of all of the terms and conditions of the Debtor's proposed sale processes.

**Marketing and Notice Procedures**

13. Maltz has been offering the Brooklyn Properties for sale through a posting on its website, www.MaltzAuctions.com, with a "Looking for Offers" post, and will update its website upon the establishment of an auction date and terms and conditions of sale.

14. Additionally, Maltz has begun and intends to continue to engage in the following marketing efforts: a combination of print advertisements in national, regional, and local publications, extensive use of Internet advertising and facsimile and e-mail blasts, direct market mailings, and telemarketing efforts.

## STATUTORY PREDICATE FOR RELIEF REQUESTED

**Sales Outside the Ordinary Course of Business**

15. Bankruptcy Code section 363(b) and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a Debtor's business. Bankruptcy Code section 363(b)(1) provides that "the trustee[2], after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[3] The terms of such sale are

---

[2] In accordance with Bankruptcy Code section 1107(a), a debtor in possession has the same powers as provided a trustee under this section.

[3] Bankruptcy Code Section 363 provides, in relevant part:

> (b) (1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.
> * * *
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other that the estate, only if
> * * *

RDN/910308.1/059611

generally within the sound discretion of the debtor.  See In re Ionosphere Clubs, Inc., 100 B.R. 670 (Bankr. S.D.N.Y. 1989) (sale of debtor's airline shuttle assets approved where representing the exercise of independent good faith and non-coerced business judgment by the debtor, the debtor articulated a compelling business reason for the sale and the price represented fair value).  As recognized by the Second Circuit in In re Lionel Corp., 722 F.2d 1063, (2d Cir. 1983), a court may approve a Bankruptcy Code section 363 application after expressly determining from the evidence presented at the hearing that a good business reason exists to grant such application.  In fact, "the sale of a going concern often fulfills the "fundamental purpose of reorganization" by allowing the new owners to continue to operate the debtor's business and employ the debtor's former employees".  *See In re Spa Chakra*, 2010 WL 779270, *3-4 (Bankr. S.D.N.Y. March 5, 2010) (*quoting N.L.R.B.  v. Bildisco & Bildicso*, 465 U.S. 513, 528 (1984)).  The Debtor intends to sell each Property as a going concern.

16. The Debtor, in consultation with Maltz, has concluded that the Debtor should attempt to promptly sell the Brooklyn Properties pursuant to a carefully constructed sale process.

17. The Debtor believes that the Brooklyn Properties should be sold because, among other reasons, none of those assets are necessary for the Debtor's operations going forward; and those assets continue to incur regular costs, including, but not limited to, real estate taxes

---

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
* * *
(2) such entity consents;
* * *
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
* * *
(5) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

See 11 U.S.C. section 363 (b)(1) and (f).

Although Bankruptcy Code section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the debtor in possession.  See Committee of Equity Security Holders v. Lionel Corp.  (In re Lionel Corp)., 722 F.2d 1063, 1071 (2d Cir. 1983); see also In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1993); In re Thomson McKinnon Securities, Inc., 120 B.R. 301 (Bankr. S.D.N.Y. 1990).

and insurance coverage, which expenses would be eliminated upon a sale.

18. Moreover, the Debtor believes that a prompt sale of the Brooklyn Properties is in the best interest of creditors because a sale would assist the Debtor in funding a chapter 11 plan and emerging from chapter 11.

**Sale of the Properties by Public Sale**

19. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public auction. The Debtor has determined that the sale of the Brooklyn Properties by public auction to the highest and best offerors will enable it to determine the highest and best offers for those assets, thereby maximizing the value for the benefit of the Debtor's estate and its creditors.

**Bidding Procedures**

20. The Debtor submits that the proposed Bidding Procedures for the bidding process and Auction are reasonable, appropriate, and necessary, and will enable it to realize the maximum value from the Brooklyn Properties for the benefit of creditors. Therefore, it is in the best interests of the Debtor's estate to proceed with a sale upon the terms set forth in this Motion.

21. The Debtor submits that cause exists to approve the proposed Bidding Procedures. These Bidding Procedures are designed to maximize the value of the Debtor's assets through open access to the bidding process. The Debtor submits that the proposed Bidding Procedures will promote competitive bidding, streamline the Auction, and ensure that bidders have the financial ability to purchase the Brooklyn Properties.

**Sale of the Properties Free and Clear of Liens**

22. Bankruptcy Code section 363(f) permits the sale of assets, free and clear of liens, claims and interests in such property of an entity if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the property is being sold exceeds the liens, claims and interests; (d) the security interest in the assets is disputed; or (e) the entity with an

interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property. Ultimately, the Debtor believes that it will be able to satisfy the requirements of Bankruptcy Code section 363(f) at the time of the Sale Hearing.

23. Except for the recently granted replacement liens to adequately protect Capital One, the Brooklyn Properties are unencumbered. The Debtor has asserted, and continues to assert, that Capital One is fully secured by assets other than the Brooklyn Properties. Further, at the final hearing on the Debtor's motion for use of cash collateral, the Court made preliminary findings that there did not appear to be any diminution in value of Capital One's collateral before inclusion of any portion of the Brooklyn Properties through the granting of replacement liens on those properties. Thus, the Debtor believes that Capital One will either consent to the sale of the Properties as long as its adequate protection liens, if any, extend to the proceeds of the sales or its objection will be overruled by the Court on the basis that Capital One's replacement liens on the Brooklyn Properties, if any, are *di minimis*.

24. Consequently, the Debtor submits that the foregoing standard pursuant to Bankruptcy Code section 363 will be satisfied in the instant matter, and respectfully requests the Court authorize and approve the sale of the Brooklyn Properties at this time. Accordingly, the Debtor requests that the Court authorize the sale(s) of the Brooklyn Properties to the party(ies) that submit the highest or best offer(s) at the conclusion of the Auction.

**Waiver of 14-Day Stay Under Rules 6004(h)**

25. Bankruptcy Rule 6004(h), provides that, unless the court orders otherwise, all orders authorizing the sale of property pursuant to Bankruptcy Code section 363 are automatically stayed for 14 days after entry of the order. Fed. R. Bankr. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before the order is implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Given the circumstances of this case and the need to swiftly transfer ownership of the Brooklyn

8

Properties to the Successful Bidder(s), any order approving the sale of the Brooklyn Properties should be effective immediately by providing that the 14-day stay under Bankruptcy Rules 6004(h) is waived.

**NOTICE PROCEDURES**

26. Pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and (c) and 9006(c)(1), with regard to the Bidding Procedures portion of this Motion, the Debtor is providing notice of the hearing, and a copy of the proposed Bidding Procedures, on no less than (17) days notice by regular mail to all known creditors of the Debtor, whether scheduled or who filed proofs of claim in the Debtor's case, and all parties identified by the Debtor and Maltz as having previously expressed a interest in one or more of the Properties.

27. Moreover, the Debtor is providing a copy of this Motion and notice of the Bidding Procedures Hearing on at least seventeen (17) days notice by facsimile, electronic transmittal and/or overnight delivery to (a) counsel to Capital One; (b) counsel to the Committee; (c) all parties having filed notices of appearance in the Debtor's case as of the filing of this Motion; and (d) the Office of the United States Trustee (collectively, the "**Special Notice Parties**"). Additionally, Maltz will be providing notice on a rolling basis to all parties previously expressing an interest in acquiring some or all of the Brooklyn Properties; and all other parties to which the Debtor deems in its sole discretion to provide notice.

28. The Debtor anticipates that the auction and the hearing date will be scheduled for days more than twenty-four (24) days after the Motion is filed.

29. Thus, the Debtor submits that the time afforded for such notice is reasonable and permissible pursuant to Bankruptcy Code section 102, 105, 363(b), (f), and (m) and Bankruptcy Rules 2002, 6004, 9006, 9007 and 9008.

30. No previous application for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the Debtor's Motion

and enter (A) the proposed Sale Order, a form of which will be filed with the Court and presented to interested parties, including, but not limited to the Special Notice Parties, no less than ten (10) days prior to the Sale Hearing: authorizing and approving the Debtor's proposed sale(s) of the Brooklyn Properties to the highest or best offer(s) as may be tendered at a public auction sale, free and clear of all Liens, with such Liens, if any, to attach to the net proceeds of sale in the amount and priority as they currently exist, and granting related relief; and (B) the proposed Procedures Order, the form of which is annexed hereto as **Exhibit B**: (i) approving certain bidding procedures for the Auction, (ii) fixing the date for a hearing on the sale, (iii) approving the form, time and scope of notice of the Auction, and (iv) granting related relief, and for such further relief as this Court deems proper.

Dated: Jericho, New York
     May 5, 2011                     **SILVERMAN ACAMPORA LLP**
                                    Attorneys for M. Slavin & Sons, Ltd.

                           By:      /s/ Gerard R. Luckman
                                      Gerard R. Luckman
                                      A Member of the Firm
                                      100 Jericho Quadrangle - Suite 300
                                      Jericho, New York 11753
                                      (516) 479-6300