Bid Procedures Hearing: May 24, 2011 at 9:45 a.m.
Objections Due: May 17, 2011 at 4:30 p.m.

Auction Date: June 16, 2011 at 11:00 a.m.
Sale Hearing: June 21, 2011 at 9:45 a.m.
Objections Due: June 14, 2011 at 4:30 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

M. SLAVIN & SONS, LTD.,

                              Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 11-10589 (REG)

**ORDER ESTABLISHING SALE PROCEDURES AND NOTICING GUIDELINES IN CONNECTION WITH DEBTOR'S PROPOSED SALE OF THE DEBTOR'S INTERESTS IN ITS NON-RESIDENTIAL REAL PROPERTY LOCATED IN BROOKLYN, NEW YORK, SUBJECT TO HIGHER OR BETTER OFFERS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon the motion dated May 5, 2011 (the "**Motion**") of M. Slavin & Sons, Ltd. (the "**Debtor**"), as debtor and debtor in possession, by and through its counsel, SilvermanAcampora LLP, seeking, among other relief, the entry of an order in accordance with sections 105, 363 and 365 of title 11, United States Code (the "**Bankruptcy Code**"), and related Federal Rules of Bankruptcy Procedure: (a) authorizing, but not requiring one or more sales by the Debtor of thirteen (13) parcels of non-residential real property located in Brooklyn (the "**Properties**"), New York, to one or more person or entity making the highest and best offer as may be tendered at a public auction sale, to be scheduled (the "**Auction**"), free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer, with such liens, claims and interests, if any, to attach to the net proceeds of sales in the same amount, priority and validity as they currently exist; (b) approving certain bidding procedures for the Auction; (c) fixing the date for a hearing on one or more sales; (d) approving the form, time and scope of notice of the Auction; (e) waiving the stay provisions of Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (f) granting related relief; and a hearing having been held on that part of the Motion seeking approval of the Sale Procedures before the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States Bankruptcy Court, Southern

District of New York, Alexander Hamilton U.S. Custom House, Courtroom 621, New York, New York 10004 on the 24th day of May, 2011 (the "**Sale Procedures Hearing**"), at which time all parties in interest were afforded an opportunity to be heard; and upon the record of the Sale Procedures Hearing which is incorporated herein by reference; and after due deliberation and consideration of all the facts and circumstances herein; and upon the affidavit of service of the Motion on file with the Court; and the relief sought being determined to be in the best interest of the Debtor's estate, and no further notice being necessary or required, it is

**ORDERED**, that the Motion is granted to the extent provided for herein, and all other relief sought in the Motion not granted herein shall be considered at the Sale Hearing; and it is further

**ORDERED**, that the notice of the Sale Procedures Hearing and Auction as given by the Debtor and as described in the Motion is deemed adequate under the circumstances; and it is further

**ORDERED**, that the Terms of Sale, annexed hereto as Exhibit A, are approved in all respects; and it is further

**ORDERED** that the Auction will be held on **June 16, 2011, at 11:00 a.m.**, at The Four Points Sheraton, 333 S. Service Road, Plainview, NY 11803, or such other place to be determined in the discretion of the Debtor, and the Debtor shall offer the Properties for inspection by appointment at reasonable times, requested by the interested party to the Debtor's retained professionals who will make such arrangements, so long as the request is made no less than forty-eight (48) hours prior to the requested inspection, provided, however, that the Debtor may, at its discretion, schedule an open inspection on at least two dates prior to the Auction in lieu of inspections by appointment; and it is further

**ORDERED**, that a hearing will be held before the undersigned United States Bankruptcy Judge, on **June 21, 2011, at 9:45 a.m.** (the "**Sale Hearing**"), to consider the entry of orders, to be filed by the Debtor's attorneys prior to the Sale Hearing (the "**Sale Orders**"), authorizing the

sale to parties determined to be the Successful Bidders at the conclusion of the Auction; and it is further

**ORDERED**, that objections, if any, to the relief sought in the Motion, including but not limited to the sale of the Properties shall be filed with the Bankruptcy Court by **June 14, 2011**, electronically in accordance with General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-399, and must be and served on: (a) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Gerard R. Luckman, Esq.); (b) the Office of the United States Trustee, 33 Whitehall Street, 22nd floor, New York, New York 10004 (Attn: Elisabetta Gasparini, Esq.); (c) Klestadt & Winters, LLP, 570 7th Avenue, 17th Floor, New York, New York 10018 (Attn: Sean C. Southard, Esq.); and (d) Paul, Hastings, Janofsky & Walker, LLP, 75 East 55th Street, New York, New York 10022-3205 (Attn Harvey Strickon); and it is further

**ORDERED**, the Debtor shall serve a copy of this Order, including Exhibit A, (the "**Sale Notice**"): (a) on or before May 27, 2011: (i) by first class mail, facsimile, or e-mail, on all known creditors and Federal, state, and local taxing authorities, including, but not limited to, the Internal Revenue Service; and (ii) by facsimile, e-mail, or overnight delivery, on the Special Notice Parties; and (b) on any additional person or entity that the Debtor determines should receive the Sale Notice, with respective affidavits of service to be filed prior to the Sale Hearing; and it is further:

**ORDERED**, that the Debtor is authorized to expend such funds necessary to effectuate the terms and conditions of this Order.

Dated: New York, New York
       May **25**, 2010

*s/ Robert E. Gerber*
Honorable Robert E. Gerber
United States Bankruptcy Judge

## **EXHIBIT A**

## TERMS AND CONDITIONS OF SALE

1. These Terms and Conditions of Sale are being promulgated in connection with the court authorized public sale (the "**Real Property Auction**") by M. Slavin & Sons, Ltd. (the "**Debtor**") of thirteen (13) parcels of real property (collectively, the "**Brooklyn Properties**"), as follows:

Assemblage 1:

31 Belmont Avenue, Block 3523, Lot 36 ("**Belmont Lot 36**"); and

37 Belmont Avenue, Block 3523, Lot 35 ("**Belmont Lot 35**" and together with Belmont Lot 36, the "**Belmont Lots**")[1].

Assemblage 2:

108 Thatford Avenue, Block 3522, Lot 27 ("**Thatford Lot 27**");

110 Thatford Avenue, Block 3522, Lot 28 ("**Thatford Lot 28**");

112 Thatford Avenue, Block 3522, Lot 29 ("**Thatford Lot 29**");

116 Thatford Avenue, Block 3522, Lot 30 ("**Thatford Lot 30**");

118 Thatford Avenue, Block 3522, Lot 31 ("**Thatford Lot 31**");

120 Thatford Avenue, Block 3522, Lot 32 ("**Thatford Lot 32**"); and

447 Rockaway Avenue, Block 3522, Lot 8 ("**Rockaway Lot 8**", and collectively with Thatford Lot 27, Thatford Lot 28, Thatford Lot 29, Thatford Lot 30, Thatford Lot 31, and Thatford Lot 32, the "**Rockaway Lots**").

Assemblage 3:

97 Thatford Avenue, Block 3523, Lot 8 ("**Thatford Lot 8**");

99 Thatford Avenue, Block 3523, Lot 7 ("**Thatford Lot 7**");

120 Osborn Street, Block 3523, Lot 20 ("**Osborn Lot 20**");

---

[1] The sale by the Debtor of the Belmont Lots assemblage will include the sale of non-residential real property located at and known as 39 Belmont Avenue, Brooklyn, New York, Block 3523, Lot 34 ("Belmont Lot 34"). Belmont Lot 34 is not owned by the Debtor.

    124 Osborn Street, Block 3523, Lot 22 ("**Osborn Lot 22**", and collectively with the Thatford Lot 8, Thatford Lot 7, and Osborn Lot 20, the "**Thatford Lots**").

The Debtor is the owner and seller of the Brooklyn Properties. The Real Property Auction and these terms and conditions of sale have been approved by the Court by order dated _____, 2011. The Real Property Auction shall be conducted by David R. Maltz & Co., Inc. ("Maltz"), the Debtor's duly retained real estate broker for this sale.

  2. The Real Property Auction shall be held on June 16, 2011, at 11:00 a.m., with registration commencing at 10:00 a.m., at The Four Points Sheraton, 333 S. Service Road, Plainview, NY 11803.

  3. **THE DEBTOR IS OFFERING TO SELL ONLY THE BROOKLYN PROPERTIES AND ANY AND ALL BUILDINGS OR STRUCTURES APPURTENANT THERETO IN THIS SALE. NO PERSONAL PROPERTY IS INCLUDED IN THIS SALE.**

  4. The Debtor will be offering the Brooklyn Properties as a portfolio that includes all of the Brooklyn Properties; and separately as three sub-groups with the Thatford Lots as group 1, the Rockaway Lots as group 2, and the Belmont Lots as group 3[2].

  5. In order to participate in the Real Property Auction, an individual or entity must submit to Maltz prior to the start of the Real Property Auction (the "**Bid Deadline**"): (i) a bid in writing (a "**Bid**") which includes the identity of such bidder and that of an officer or authorized agent who will appear on behalf of such bidder; and whether the prospective bidder will be bidding on all of the Brooklyn Properties, individual lots, or groupings of lots; (ii) a good faith deposit made by a certified check, or a bank check (the "**Initial Deposit**"), in the amount of $50,000.00 for purposes of bidding on the Belmont Lots; $50,000.00 for purposes of bidding on the Rockaway Lots; and $25,000.00 for purposes of bidding on the Thatford Lots, payable to the

---

[2] The sale of the Belmont Lots by the Debtor will include the sale of non-residential real property located at and known as 39 Belmont Avenue, Brooklyn, New York, Block 3523, Lot 34 ("Belmont Lot 34"). Potential Bidders are invited to allocate their bid between Belmont Lot 35, Belmont Lot 36, and Belmont Lot 34. Belmont Lot 34 is not owned by the Debtor. The Committee and Capital One, N.A. reserve all of their respective rights concerning any and all issues related to the allocation of value and ownership of Belmont Lot 34.

order of "SilvermanAcampora LLP, as attorneys for M. Slavin & Sons, Ltd."; (iii) evidence, satisfactory to the Debtor, that the bidder has the financial ability to satisfy its Bid in cash or by wire transfer; and (iv) evidence, satisfactory to the Debtor, that the bidder has the ability to close the purchase no later than thirty (30) days after entry of an order approving the Bid as the highest or best offer for the parcels of Real Properties included in its Bid.  Any person who complies with 3(i), (ii), (iii), and (iv) above, shall be deemed a qualified bidder ("**Qualified Bidder**").  In the event a Bid is submitted for two or more groupings of the Brooklyn Properties, the Initial Deposit shall be equal to the specified amount for each lot grouping.  B y way of example, a Bid on all of the Brooklyn Properties will require an Initial Deposit of $125,000.

      6.      The Debtor or its representative will return all Initial Deposit checks to unsuccessful bidders at the conclusion of the Real Property Auction, subject only to the provisions of paragraph 8 herein governing the Initial Deposit of the Second Bidder (defined below).  Within forty eight (48) hours of the conclusion of the Real Property Auction, the Successful Bidder shall deliver to SilvermanAcampora LLP, as counsel to the Debtor, a certified check, or bank check, payable to the order of "SilvermanAcampora LLP, as attorneys for M. Slavin & Sons, Ltd.", in the amount of at least ten (10%) percent of its final bid minus the Initial Deposit (collectively with the Initial Deposit, the "**Deposit**").

      7.      The successful bidder (the " **Successful Bidder**") must pay the Balance (that being defined as the difference between the successful bid and the Deposit and all closing adjustments) of the purchase price for the parcel or parcels of the Real Properties to the Debtor by certified check, bank check, federal funds or wire transfer at the closing of title to the Brooklyn Properties (the "**Closing**").  The Successful Bidder must close title to the parcel or parcels of the Brooklyn Properties on or before thirty (30) days after the earlier of:  (i) an Order approving the sale of the parcel or parcels of the Brooklyn Properties to the Successful Bidder by the Bankruptcy Court has become a Final Order **or** (ii) the Bankruptcy Court has entered an Order granting the Successful Bidder protection under §363 (m) of the Bankruptcy Code and

waiving any stay under Federal Rule of Bankruptcy Procedure 6004(h) (the "**Closing Date**"). The Closing shall occur at the office of the Attorneys for the Debtor, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, although the Closing Date may be extended solely by the Debtor in its discretion. All real property transfer taxes, including, but not limited to, transfer taxes imposed by the State of New York and/or the City of New York, if any, shall be paid at closing by the Successful Bidder. **<u>Time is of the Essence with respect to the Successful Bidder's obligation to pay the Balance of the Purchase Price on the Closing Date and failure to pay the balance of the purchase price on the Closing Date will result in the forfeiture of the Deposit and the termination of the Successful Bidders right to acquire the Brooklyn Properties under this Offer and Terms and Conditions of Sale</u>**. The Successful Bidder shall be obligated to close title to the parcel or parcels of the Brooklyn Properties and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel these terms of sale other than the Debtor's inability to deliver insurable title to the parcel or parcels of the Brooklyn Properties. Anything to the contrary contained in these Terms and Conditions of Sale notwithstanding, the Debtor shall have the right in its sole and absolute option to adjourn the Closing Date in order to remedy any defect to title.

8. Unless and until the Successful Bidder tenders the full amount of its Deposit, the Debtor shall hold the Initial Deposit of the Second Bidder (as hereinafter defined). If the Successful Bidder tenders the full amount of its Deposit within forty eight (48) hours of the conclusion of the Real Property Auction, the attorneys for the Debtor shall promptly return the Initial Deposit of the Second Bidder. If, however, the Successful Bidder for the a particular parcel or parcels of the Brooklyn Properties <u>fails</u> to tender its full Deposit within forty eight (48) hours of the conclusion of the Real Property Auction, the Debtor, at its sole and absolute option, but after consulting with the Committee, shall be authorized to sell the parcel or parcels of the Brooklyn Properties to the second highest bidder(s) ("**Second Bidder**") without any further notice or approval of the Court, without giving credit for the Deposit forfeited by the Successful

RDN/921297.1/059611

Bidder.  Thereafter, the Second Bidder shall be deemed for all benefits and obligations to be the Successful Bidder.  Should the Second Bidder fail to close on the parcel or parcels of the Brooklyn Properties, within the time frame outlined above, the Debtor shall be authorized to retain the Second Bidder's Deposit, and sell the property to the next highest bidder without any further notice or approval of the Court.

9. The Brooklyn Properties are being sold in accordance with 11 U.S.C. Section 363, **"AS IS", "WHERE IS"** in its condition on the Closing Date, <u>without</u> any representations, covenants, guarantees or warranties <u>of any kind or nature whatsoever</u>, and free and clear of any liens, claims or encumbrances of whatever kind or nature, with such liens, if any, to attach to the net proceeds of sale, and is subject to, among other things,:  (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and/or (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof.  By delivering the Initial Deposit, all bidders acknowledge that they have had the opportunity to review and inspect the Brooklyn Properties and the form of the Bargain and Sale Deed Without Warranties (the "**Deed**") that the Debtor will execute to convey the Brooklyn Properties and will rely solely thereon and on their own independent investigation and inspection of the Brooklyn Properties in making their bid. Neither the Debtor nor any of its representatives make any representations or warranties with respect to permissible uses of the Brooklyn Properties, including, but not limited to the zoning of the property, the environmental condition of the Brooklyn Properties, or any other matters associated thereto.  All bidders acknowledge that they have conducted their own due diligence in connection with the Brooklyn Properties, and are not relying on any information provided by the Debtor or its professionals.

10. The Debtor shall convey the Brooklyn Properties by delivery of one or more Deeds for the Brooklyn Properties.  With regard to the Brooklyn Properties, the quality of title shall be that which a reputable title insurance company authorized to do business in the State of

RDN/921297.1/059611

New York is willing to insure. At the Debtor's option, it may arrange for the issuance of a title insurance policy by such an insurer, if the Successful Bidder is unable to do so, at the sole cost and expense of the Successful Bidder.

11. Neither the Debtor, Debtor's counsel nor other retained professionals, including the auctioneer/real estate broker and the estate of the Debtor, are liable or responsible for the payment of fees of any broker that has not previously been approved by Order of the Court.

12. It is expressly understood that the Debtor shall <u>not</u> incur any cost or expense whatsoever in connection with the sale of the Brooklyn Properties, and the Successful Bidder herewith undertakes to pay any such expense of whatever kind or nature even those costs and expenses which are payable by the Seller pursuant to any law or statute, <u>provided</u>, <u>however</u>, that the costs and expenses resulting from any broker fees approved by the Bankruptcy Court shall be paid by the Debtor from the proceeds of the sales of the Brooklyn Properties.

13. Nothing contained in this Offer and Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise limit or interfere with the jurisdiction of the Court. All of the terms and conditions set forth in this Offer and Terms and Conditions of Sale are subject to modification as may be directed by the Debtor or by the Court and subject to higher and better offers to be determined in the sole discretion of the Debtor, after consultation with the Creditors' Committee and Time. The Debtor reserves the right to modify, after consultation with the Creditors' Committee and Time, the terms and conditions of sale at the public sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

14. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the public sale of the Brooklyn Properties. By making a bid for the Brooklyn Properties, all bidders will be deemed to have acknowledged having read this Offer and Terms and Conditions of Sale and having agreed to be bound by them.

15. If the Debtor is unable to deliver title to the Brooklyn Properties in accordance

RDN/921297.1/059611

with these terms of sale for any reason whatsoever, its only obligation will be to refund the Deposit, <u>without</u> interest, and the purchaser will have no recourse against the Debtor, Debtor's counsel or any Broker or Auctioneer previously approved by Order of the Court.

16. The Debtor reserves its right, in consultation with the Committee, to withdraw the some or all of the Brooklyn Properties from sale, either prior, or subsequent to the sale, and/or modify these terms and conditions of sale concerning the opening bid and/or bidding increments, for any reason whatsoever, as it, in its sole and absolute discretion deems necessary or appropriate.

17. The sale of the Brooklyn Properties is subject to confirmation by the Debtor and the Court. The attorneys for the Debtor shall notify the Successful Bidder in writing (with a copy to the counsel to the Committee) within forty-eight (48) hours after the public sale actually is held and concluded.

18. By participating in the Real Property Auction, all bidders consent to the jurisdiction of the Court to determine such disputes under the Debtor's pending case. Any disputes concerning the sale of the Brooklyn Properties shall be determined by the Court which shall retain sole and exclusive jurisdiction over all matters relating to the Brooklyn Properties and the sale contemplated by these Terms and Conditions of Sale.

19. Pursuant to Bankruptcy Rule 6004-1 no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser of auctioneer, or relative of any of the foregoing, shall purchase, directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser or auctioneer has been employed to appraise or sell.

## MEMORANDUM OF SALE

The undersigned, this ____ day of _____ 2011, makes an offer to purchase the Brooklyn Properties with the Section(s) ___; Block(s) ___; Lot(s) _____ and located at _____ for the sum of _____ DOLLARS ($_____) and hereby promises and agrees to comply with the terms and conditions of sale of the Brooklyn Properties, as set forth in the annexed Terms and Conditions of Sale.

OFFEROR/BIDDER:


By: _____
Name:
Title:

Address:

Telephone:
Facsimile:

Received from _____ the sum of $_____ DOLLARS, as a non-refundable deposit for the purchase of the Brooklyn Properties pursuant to the Terms of Sale.


Receipt of Deposit Acknowledged:


_____

12

RDN/921297.1/059611