UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 11

M. SLAVIN & SONS, LTD.,                             Case No. 11-10589 (REG)

                Debtor.
-------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 AUTHORIZING AND APPROVING THE SALE OF THE DEBTOR'S INTERESTS IN ITS NON-RESIDENTIAL REAL PROPERTY LOCATED AT 97 AND 99 THATFORD AVENUE, AND 120 AND 124 OSBORN STREET, BROOKLYN, NEW YORK TO AMRITPAL S. SANDHU AND KULWANT SINGH, THE HIGHEST AND BEST OFFEROR, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, GRANTING RELATED RELIEF AND WAIVER OF STAY UNDER BANKRUPTCY RULE 6004 AND GRANTING RELATED RELIEF**

Upon consideration of the Motion, dated May 5, 2011 [Docket No. 111] (the "**Motion**") of M. Slavin & Sons, Ltd. (the "**Debtor**"), the debtor and debtor in possession in this case, by and through its counsel, SilvermanAcampora LLP, seeking, among other relief, the entry of orders in accordance with sections 105 and 363 of title 11, United States Code (the "**Bankruptcy Code**"): (i) authorizing one or more sales by the Debtor of thirteen (13) parcels of non-residential real property located in Brooklyn, New York (collectively, the "**Properties**"), to one or more person or entity making the highest and best offer as may be tendered at a public auction sale (the "**Auction**"), free and clear of all liens, claims, encumbrances, security interests, and other restrictions on transfer, with such liens, claims, and interests, if any, to attach to the net proceeds of sales in the same amount, priority and validity as they currently exist; (ii) approving certain bidding procedures for the Auction; (iii) fixing the date for a hearing on one or more sales; (iv) approving the form, time, and scope of notice of the Auction; (v) waiving the stay provisions of Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (vi) granting related relief; and a hearing having been held on May 24, 2011 (the "**Procedures Hearing**") on that part of the Motion concerning the Terms of Sale and the Debtor's ability to sell the Properties free and clear of liens claims and encumbrances, with such Liens, if any, to attach to the proceeds of the sales, at which all parties in interest were afforded

an opportunity to be heard, the record of which is incorporated herein by reference; and upon the Sale Procedures Order [Docket No. 133], entered on May 25, 2011 approving that part of the Motion seeking approval of the Terms of Sale and the sale of the Properties free and clear of liens, claims, and encumbrances; and the Auction having occurred on June 16, 2011; and upon the Affidavit of Richard Maltz, dated June 20, 2011 (the "**Maltz Affidavit**"), confirming the results of the Auction; and Amritpol S. Sandhu and Kulwant Singh being the qualified bidders submitting the highest and best offer at the Auction on that portion of the Properties comprised of the Thatford Lots[1] for $385,000.00; and a hearing having been held to confirm the results of the Public Sale on June 21, 2011 (the "**Sale Hearing**"), the record of which is incorporated herein; and

**IT APPEARING**, that this Court has jurisdiction to consider the Motion and the sale of the Thatford Lots and to grant the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. § 363 and 365; and

**IT FURTHER APPEARING**, that the Debtor and the Debtor's estate hold sufficient interest in the Thatford Lots, and all other parties interests being fully protected by transferring all Liens, if any, to the proceeds of the sale, that there is grounds and cause for the sale of the Thatford Lots pursuant to 11 U.S.C. § 363(f); and

**IT FURTHER APPEARING**, that the Public Sale was held on June 16, 2011, at which time three (3) parties registered as bidders for the Thatford Lots; and

**IT FURTHER APPEARING**, that the Public Sale was conducted by David R. Maltz & Co., Inc., the Court approved broker in compliance with, and under the authority of, the Sale Procedures Order; and

**IT FURTHER APPEARING**, that at the conclusion of the Public Sale, Amritpol S. Sandhu and Kulwant Singh ("**Sandhu and Singh**") offered the highest and best bid for the Thatford Lots with a purchase price of $385,000 (the "**Purchase Price**"); and

---

[1] All terms not otherwise defined herein shall have the same definition as assigned to that term in the Motion.

**IT FURTHER APPEARING**, that Sandhu and Singh entered into a memorandum of sale, dated June 16, 2011, confirming their high bid for the Thatford Lots (the "**Memorandum of Sale**"), a copy of which is annexed to the Maltz Affidavit; and

**IT FURTHER APPEARING**, that notice of the Public Sale was given in accordance with the Sale Procedures Order issued by this Court with such notice specifically having been provided to (i) all known creditors of the Debtor; (ii) all parties identified by Maltz as having expressed an interest in the Thatford Lots; (iii) counsel to Capital One; (iv) counsel to the Committee; (v) all parties having filed notices of appearance in the Debtor's case as of the filing of this Motion; and (vi) the Office of the United States Trustee; and

**IT FURTHER APPEARING**, that the Debtor provided additional notice of the Public Sale through David R. Maltz & Co., Inc. by the posting of all relevant information concerning the Thatford Lots and the Public Sale on Maltz's internet website, and a targeted mailing to potential interested parties compiled by Maltz, including, but not limited to, any party that contacted Maltz regarding the Thatford Lots; and

**IT FURTHER APPEARING**, that no other or further notices need be given or hearings held; and

**IT FURTHER APPEARING**, that service of notice of the Sale constitutes good and sufficient notice as evidenced by the Affidavit of Service and the Maltz Affidavit, each of which are filed with the Court;

**AND UPON** the Motion, the Sale Procedures Order, the Affidavit of Service, the Maltz Affidavit, the Memorandum of Sale, and the record of the Sale Hearing held before this Court on June 21, 2011, the transcript of which is incorporated by reference herein, and upon the evidence proffered or presented at the Sale Hearing, and after due deliberation having been had and no objections or other responses having been filed to the Motion and the Sale, and good and sufficient cause having been shown;

RDN/938884.3/059611

**IT IS HEREBY FOUND THAT**[2],

1) The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N). Venue of this Chapter 11 case and the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

2) The statutory predicates for the relief sought in the Motion are Sections 105(a), and 363(b), (f), (m), and (n) of the Bankruptcy Code and Rules 2002, 6004, 9006, 9007, 9008, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3) Proper, timely, adequate, and sufficient notice of the Public Sale, and the transactions contemplated thereby, has been provided in accordance the Sale Procedures Order and with Sections 102(1) and 363(b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, 9006, 9007, 9008, and 9014, which notice adequately described the Public Sale and the relief requested in the Motion, and which notice was good and sufficient, and appropriate under the particular circumstances and no other or further notice of the Motion, the Public Sale or the Sale Hearing and the transactions contemplated thereby, or of the entry of this Order is required.

4) A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) all known creditors of the Debtor; (ii) all parties identified by Maltz as having expressed an interest in the Thatford Lots; (iii) counsel to Capital One; (iv) counsel to the Committee; (v) all parties having filed notices of appearance in the Debtor's case as of the entry of the Sale Procedures Order; and (vi) the Office of the United States Trustee.

5) The Debtor has full power and authority to accept and enter into the sale transaction contemplated by the Terms of Sale with Sandhu and Singh, and to consummate the transactions contemplated by the Memorandum of Sale with Sandhu and Singh.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as finding of fact when appropriate. *See* Rule 7052 of the Federal Rules of Bankruptcy Procedure.

6) No consents or approvals, other than those expressly provided for in the Terms of Sale, are required for the Debtor to consummate the sale of the Thatford Lots to Sandhu and Singh.

7) The Debtor has advanced sound business justifications for seeking to sell the Thatford Lots under the Terms of Sale approved in the Sale Procedures Order as demonstrated at the Sale Hearing, and the Sale under those Terms of Sale is a reasonable exercise of the Debtor's business judgment.

8) Sandhu and Singh participated in the Public Sale without collusion, in good faith, and from an arm's-length position. Neither the Debtor nor Sandhu and Singh have engaged in any conduct that would cause or permit the Memorandum of Sale to be avoided under Section 363(n) of the Bankruptcy Code.

9) Sandhu and Singh are good faith purchasers within the meaning of Section 363(m) of the Bankruptcy Code and, as such, are entitled to all the protections afforded thereby. Sandhu and Singh will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions (the "**Closing**") as contemplated by the Terms of Sale, the Memorandum of Sale, and this Order.

10) In the absence of a stay pending appeal, Sandhu and Singh will be acting in good faith pursuant to Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Memorandum of Sale any time on or after the entry of this Order.

11) The Purchase Price: (i) is fair and reasonable; (ii) represents the highest and best offer for the Thatford Lots; (iii) provides a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes fair consideration.

12) The transfer of the Thatford Lots pursuant to the Memorandum of Sale and the Terms of Sale upon the Closing will: (i) be a legal, valid, and effective transfer of interests in property of the Debtor's estate, of all parties claiming an interest in or to the Thatford Lots which

is the subject of the Memorandum of Sale and Terms of Sale to Sandhu and Singh; and (ii) vest Sandhu and Singh with good, marketable, and insurable title to the Thatford Lots free and clear of any liens, claims, and encumbrances and security interest of whatever kind or nature.

13) All of the provisions of this Order and the Memorandum of Sale and Terms of Sale are nonseverable and mutually dependent.

14) Sandhu and Singh would not have accepted and entered into the Memorandum of Sale and would not consummate the Sale of the Thatford Lots and the transactions contemplated thereby, if the Sale of the Thatford Lots were not free and clear of claims, liens, and encumbrances to the extent provided for in the Terms of Sale.

15) The Debtor has not entered into any other agreements with any other person or entity under which it has granted any rights in the Thatford Lots.

16) Upon entry of this Order, the Debtor shall have full power and authority to transfer all rights in and to the Thatford Lots to Sandhu and Singh in accordance with the terms and conditions of the Memorandum of Sale, the Terms of Sale, the Sale Procedures Order, and this Order.

17) The Debtor has demonstrated that it is an exercise of its sound business judgment and in the best interests of the Debtor, its estate, and its creditors to consummate the transactions contemplated in the Terms of Sale and the Memorandum of Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1) The Motion is hereby granted to the extent provided for herein.

2) All objections to the Motion or the relief requested therein and to the Sale of the Thatford Lots, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3) The Debtor be, and hereby is, authorized, empowered, and directed to sell the Thatford Lots to Sandhu and Singh at the Closing that shall take place no later than thirty (30) days after the entry of this Order (the "**Closing Date**") at the office of the Debtor's attorneys and

6

RDN/938884.3/059611

enter into, and to perform its obligations under the Memorandum of Sale and Terms of Sale and to take such actions, expend such funds, execute such documents, and do such things as are necessary to effectuate the terms of the Memorandum of Sale and Terms of Sale, including the execution of all documents, instruments, and papers necessary and appropriate to effectuate, implement, and consummate the transactions contemplated by the Memorandum of Sale and Terms of Sale.

4) **Time shall be of the essence against Sandhu and Singh with respect to the Closing Date, and the Debtor is authorized and directed to take such steps as necessary and as contemplated by the Terms of Sale to complete the Sale of the Thatford Lots on or before the Closing Date.**

5) The Debtor is, pursuant to Section 363(b) and (f) of the Bankruptcy Code, authorized, empowered, and directed to transfer the Thatford Lots to Sandhu and Singh, as more particularly set forth in the Memorandum of Sale, the Terms of Sale, and the Sale Procedures Order, free and clear of any and all Liens, with such Liens to attach to the proceeds of sale in the same extent and priority as they exist at the Closing.

6) All persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding claims of any kind and nature arising prior to the Closing or relating to acts occurring prior to the Closing, and whether imposed by agreement, understanding, law, equity or otherwise against the Debtor or the Thatford Lots (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising on or before the Closing (as defined in the Terms of Sale), or out of, under, in connection with, or in any way relating to, events occurring prior to the Closing, with respect to the Thatford Lots, hereby are forever barred, estopped, and permanently enjoined from asserting such claims of any kind and nature against Sandhu and Singh, provided, however, that any and all obligations of Sandhu and Singh under the Memorandum of Sale, the Terms of Sale, the Sale Procedures

Order, and/or this Order shall continue to be enforceable as against Sandhu and Singh, including, but not limited to, the obligation to pay any and all transfer taxes incurred by the Debtor in connection with transferring title to the Thatford Lots.

7) The terms and provisions of the Memorandum of Sale and the Terms of Sale, together with the terms and provisions of the Sale Procedures Order (the terms and conditions of which are incorporated herein by reference and reaffirmed) and this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and Amritpol S. Sandhu and Kulwant Singh and their respective affiliates, successors, and assigns, and shall be binding in all respects upon any affected third parties, and all persons asserting a claim against or interest in the Debtor's estate or the Thatford Lots to be sold to Sandhu and Singh pursuant to the Memorandum of Sale and Terms of Sale, except as otherwise permitted in the Memorandum of Sale, the Terms of Sale or this Order, including, but not limited to, Sandhu and Singh's obligation to pay taxes assessed on the transfer of the Thatford Lots to the extent such taxes are assessable against the Debtor's estate and/or the Thatford Lots.

8) This Court retains exclusive jurisdiction to interpret, construe, and enforce the provisions of the Memorandum of Sale, the Terms of Sale, the Sale Procedures Order, and this Order, _provided_, _however_, that, in the event this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

9) The failure specifically to include any particular provisions of the Memorandum of Sale, the Terms of Sale or the Sale Procedures Order in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale be authorized and approved in its entirety.

10) The Debtor is authorized and empowered to expend such funds, execute and

deliver any and all documents as reasonably necessary to implement the terms of the Motion and this Order, <u>provided</u>, <u>however</u>, that all net proceeds from the sale of the Thatford Lots shall be held in a client account by Debtor's bankruptcy counsel, with none of those funds distributed except by order of the Court.

11) Sandhu and Singh have acted in good faith and will, as the case may be, acquire the Thatford Lots pursuant to the Memorandum of Sale and Terms of Sale in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

12) Each and every Federal, state, and local government agency or department, including, but not limited to, all recording clerks, be, and they hereby are, directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Memorandum of Sale and the recording of any deed, document or other instruments, including this Order.

13) This Court hereby orders that the fourteen (14) day stay provided for in Rule 6004(h) of Bankruptcy Rules shall not be in effect with respect to the Sale and other transactions contemplated thereby, and pursuant to Rule 7062 of the Bankruptcy Rules, this Order shall be effective and enforceable immediately upon entry. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot.

Dated: June **23**, 2011
New York, New York

                                       ***s/ Robert E. Gerber***
                                       Honorable Robert E. Gerber
                                       United States Bankruptcy Judge